# DECISIONS

OF THE

# COURT OF APPEALS OF KENTUCKY.

## SEPTEMBER TERM, 1881.

CASE 88—EQUITY—SEPTEMBER 10, 1881.

## Simrall, &c., v. Grant, &c.

79 435
e109 684

APPEAL FROM KENTON CHANCERY COURT.

1. There must be some impediment to the remedy at law before the chancellor can be invoked to enjoin a sale of personal property levied on to satisfy an execution.

2. In a controversy between a trustee and *cestui que trust* a court of equity will entertain jurisdiction.

3. On a motion to dissolve an injunction upon the whole case the court is not bound to take the answer as true. When such a motion is made and submitted for judgment, it means a judgment whether or not the injunction shall be dissolved and no more.

M. R. LOCKHART, R. D. HANDY, AND SIMRALL & SIMRALL FOR APPELLANTS.

1. The remedy of appellee was not an injunction, but replevin. (Nesmith v. Bowler, 3 Bibb; 4 *Ib.*, 236; 5 Litt., 136; Watkins v. Logan, 3 Mon., 20; Bouldon v. Alexander, 7 *Ib.*, 423.)

2. Section 291, Civil Code, distinctly provides, that upon motions to dissolve an injunction upon notice, the court shall not be bound to take the answer as true.

3. The court erred in overruling appellants' demurrer to the petition. (Civil Code, sec. 18.)

McKEE & FINNELL AND HALLAM & PERKINS FOR APPELLEES.

1. No bill of exceptions was filed showing upon what evidence the court refused appellants' motion. The record shows that evidence was offered, but what or how much? The presumption is against appellant.

2. A court of equity has jurisdiction of a contest between the trustee and *cestui que trust;* otherwise, appellee is without remedy.

3. Appellants not only submitted upon motion to dissolve the provisional injunction, but they submitted also for judgment. Having so acted, they cannot complain in this court.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

An action in equity by the wife, Julia Grant, obtaining an injunction to prevent the sale of her trust property under an execution against her husband. This action in equity is really between the trustee and the *cestui que trust,* the creditor of the trustee insisting that it is the individual property of the trustee, and subject to the payment of his debts; and not only so, has levied his execution on the trust property, and is about to dispose of it. There must be some impediment to the remedy at law before the jurisdiction of the chancellor can be invoked to stay a sale of personal property levied on to satisfy an ordinary execution. Generally the remedy is ample and complete at law; but where the controversy is between the trustee and the *cestui que trust,* a court of equity will entertain jurisdiction on the complaint of either when made with reference to the trust estate.

It is true the husband, who is a nominal plaintiff, is the trustee, but still the creditor has presented an issue in which the right of the trustee, who is the husband, is in direct conflict with the right of the wife, and the latter is seeking the aid of the chancellor to protect her in the trust property, alleging that she has no means but this trust estate, and to deprive her of the property would be to leave her destitute of any household furniture for the comfort of herself and family. She is a married woman, and wants the trust declared, and the rights of her husband, if any, determined. We think the chancellor has jurisdiction. Shortly after this petition was filed, and the injunction

obtained, a motion was made by the appellant to dissolve it on the face of the papers. This motion having been overruled, the appellants filed an answer raising an issue as to the rights of the wife, and gave notice that on a certain day they would move to dissolve on the whole case.

By section 291 of the Code, after answer filed by the party enjoined, he may give notice of his motion, to be made in not less than ten days, to dissolve on the whole case, and on the motion any competent evidence may be heard. That section further provides, that "the court shall not be bound to take the answer as true."

When the case was called, each party declined to introduce any testimony, the plaintiffs objecting to a submission, and the defendants, now appellants, insisting upon a hearing. The case was then submitted, and the chancellor rendered a final judgment establishing the trust and perpetuating the injunction. It is insisted by the appellants that this judgment was premature, as the case did not stand regularly for trial on its merits, and that, although testimony might have been heard as to the principal issue, all the action the court could properly take was to overrule the motion to dissolve.

Whether, where the entire controversy is necessarily involved on a motion to dissolve on the whole case, the decision of the court on the motion is final, is the question raised.

The chancellor certainly had the right to hear testimony as to the claim of each party, and in passing on the question must necessarily determine the rights of property to be in the one or the other. Yet, if he dissolves the injunction only, or overrules the motion to dissolve, the order is not final, and ordinarily the dissolution of the injunction does not determine the merits of the controversy or settle

the rights of the parties; but such questions are left for future adjudication.

The case was not submitted for final judgment, and did not stand for trial, except on the motion to dissolve. Section 293 of the Code provides, that "after hearing the motion, the court or judge shall overrule it, or dissolve or modify it according to the rights of the case."

This section controls the action of the chancellor, and the subsequent section (294), providing that but one motion shall be made to dissolve on the whole case, shows clearly that the case, after the motion has been heard, may be finally disposed of on its merits, although it may involve a re-investigation of the identical question disposed of on the motion.

The record shows that the case was submitted upon the motion to dissolve on the whole case, and for judgment. The appellants insist that it was for a judgment on the motion, and in this view we concur. The Code expressly provides that the court, on a motion to dissolve, is not bound to take the answer as true, and when the cause was submitted for judgment, it meant a judgment on the motion. Counsel would not have submitted the case on petition and answer when the result was so manifest.

The court, instead of rendering a final judgment (the case not standing for trial), should have entered an order overruling the motion to dissolve.

The judgment is therefore reversed, and cause remanded for further proceedings consistent with this opinion.