CASE 99—ACTION TO ENFORCE VENDOR'S LIEN AND FOR AN INJUNCTION—JANUARY 30.

# May v. Williams.

### APPEAL FROM PIKE CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

INJUNCTION—USE OF AFFIDAVITS AS EVIDENCE VENDOR'S LIEN—ENJOINING PURCHASER FROM CUTTING TIMBER.

Held: 1. On a final submission of an action for an injunction, when the question of perpetuating the injunction is to be determined affidavits can not be used as evidence.

2 A vendor who has a lien for unpaid purchase money is entitled to an injunction restraining the purchaser from cutting timber.

J. M. ROBERSON, ATTORNEY FOR APPELLANT.

1. The judgment should not have been rendered on the notes until after the trial of the motion to dissolve the temporary injunction on the whole case.

2 *Ex parte* affidavits are not competent evidence on the trial of a motion of this kind under sec. 291 of the Civil Code; the only competent evidence is either oral or written, or depositions.

3. The judgment overruling the motion to dissolve is flagrantly against the evidence. Civil Code, secs. 277 and 291.

SAMUEL J. SALYER, ATTORNEY FOR APPELLEE.

1. The petition alleged, and this was fully sustained by the evidence, that the defendants were insolvent, and if the timber was taken from the land, the naked land would not bring the value of the plaintiff's lien notes thereon, and the plaintiff would thereby be without remedy.

2. We hold that under the Civil Code affidavits are competent evidence in an injunction case like this, but even if they are not, there was sufficient evidence in the depositions read on the trial to support the judgment of the court.

May v. Williams.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

Appellee, U. K. Williams, sold and conveyed to appellant, R. T. May, a tract of land in Pike county for $300, payable in three installments of $100 each, on May 1, 1898, September 1, 1898, and February 28, 1899, for which appellant and two others, as his sureties, executed to him their notes. On October 7, 1898, appellee filed this action, in which he alleged that the two first notes were unpaid; that appellant and both his sureties were insolvent; that appellant was about to cut and remove from the land the timber on it, which was valuable; and that, unless this was restrained by injunction, irreparable injury would be done him in the collection of his debt. By an amended petition subsequently filed he set up the maturity of the last note, also a credit on the first note of $41, paid April 25, 1898, and prayed for the enforcement of his lien retained in the deed, and judgment on the notes. A number of affidavits were filed in support of the injunction, which was granted as prayed in the petition, restraining appellant from cutting and removing the timber from the land. Appellant filed an answer in which he traversed the allegation relating to the injunction, and entered a motion upon the whole case to dissolve the injunction. Some affidavits were filed on this motion, but no action was taken. On May 1, 1899, the court entered a judgment on the notes, and ordered a sale of the land, or so much of it as might be necessary to pay the debt. In this judgment the question of the injunction was reserved for further consideration.

Appellant filed exceptions to the affidavits filed by appellee to sustain the injunction on the ground that ex parte affidavits could not be used on the final hearing of the case to perpetuate the injunction. These exceptions were overruled, and, the action being again submitted, the court

May v. Williams.

overruled the motion to dissolve the injunction upon the whole case and perpetuated the injunction.     To reverse this judgment, appellant has brought the case to this court.

In Simrall v. Grant, 79 Ky., 435, it was held that when a motion was made, after answer is filed, to dissolve an injunction on the whole case, the court, instead of rendering a final judgment on the motion, should enter an order overruling or sustaining the motion, and on final hearing dispose of the case on the merits.  By section 547, Civ. Code Prac., an affidavit may be read upon a motion; and by section 291 it is provided that, upon a motion to dissolve an injunction upon the whole case, each party may read depositions and other competent evidence in writing. Taking the two sections together, we understand that the court is not required to hear oral evidence on such a motion, and that affidavits may be used when the motion is heard before the final submission of the case.  But on the final submission of the case, when the question of perpetuating the injunction is to be determined, only depositions can be considered, as in other final trials of equity actions.

We know of no provision of law tolerating the use of affidavits on the final trial of equity actions.  Civ. Code Prac. Section 552.  We must therefore disregard in this case all the affidavits filed, and look only to the depositions to determine  the correctness  of the  judgment  appealed from.  The witnesses vary very much in their estimates as to the value of the land with the timber on it, and, on the whole record, we conclude that the best evidence of the value of the property is the valuation the parties placed upon it in the contract of sale, $300.  We think it pretty clear from the evidence that the timber on the land was worth as much as the land without the timber, and proba-

bly more. It is undisputed that appellant and both his sureties are insolvent; that appellee, in writing, notified appellant not to cut the timber; and that notwithstanding this notice he was proceeding to sell and remove from the land the timber upon it, when the suit was brought. Appellee had a lien on the timber, no less than a lien on the land. He had a right to look to both for his debt, and could not be required to stand by and lose his lien on either. Only $41 had been paid on the purchase money for the land, which would not cover, perhaps the interest and costs of suit; and we are by no means satisfied that if the land had been stripped of timber he would not have lost at least a part of his debt. Certainly it was not a case where the chancellor should have refused to protect him in his rights by an injunction.

We are, therefore, of opinion that upon the depositions in the record alone the court below properly perpetuated the injunction. The judgment of the circuit court to this effect is therefore affirmed.