## Anna Louise Daugherty (now Wagner) v. Leonard L. Daugherty.

(Decided January 14, 1927.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

Divorce—Wife, on Remarriage, Held to have Waived Right to Recover Sums Expended for Child (Weissinger Act).—Where wife agreed that alimony for the support of herself and child should cease on remarriage and thereafter remarried, she might not re-

cover sums expended by her after remarriage for support of child, in view of Weissinger Act (Laws 1894, chapter 76).

BURWELL K. MARSHALL for appellant.

TRABUE, DOOLAN, HELM & HELM for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On December 19, 1910, the appellant and plaintiff below, Anna Louise Daugherty, and the appellee and defendant below, Leonard L. Daugherty, were married in Louisville, Kentucky, and they lived together as husband and wife until the first day of April, 1922. In 1914 there was born to them a daughter, and on June 19, 1922, plaintiff filed her equity action in the Jefferson circuit court seeking an absolute divorce from defendant, and in which she asked for the custody of their infant daughter.

Prior to the filing of that petition and on May 25, 1922, the parties entered into a separation agreement adjusting their property rights and in which it was agreed that plaintiff should have the custody of the daughter with the right of defendant to control her and have her in his possession at such reasonable times as the court might adjudge. The second clause in that agreement says: "Second party agrees that he will pay to first party at the end of each and every month, as alimony, one-third of all income and property which he now has, or may hereafter obtain as long as the first party remains unmarried, but that if first party after she is divorced should marry again then all claim of first party on second party should cease," and the last sentence in the third clause is in these words: "It is further agreed that the first party shall support Ruth out of any income and property which second party shall pay to first party." The divorce proceedings were prosecuted to a final determination and in which the court granted to plaintiff the divorce for which she prayed, and made the separation agreement a part of its judgment, but the only portions of which are involved on this appeal are those relating to the payments by defendant to plaintiff for the maintenance of herself and her infant daughter of whom she was given custody.

Within less than a year after the rendition of the judgment (which was on October 14, 1922) plaintiff married one Wagner, and which occurred on April 26, 1923.

On October 27, 1925, plaintiff filed in the same court and in the same action her supplemental petition in which she charged, in substance, that since her marriage with Wagner defendant had ceased making payments to her pursuant to the terms of the separation agreement and which as we have seen was made a part of the judgment in the divorce action, and that he had thereby contributed nothing from that date to the support of the infant daughter and that the latter had been supported entirely by plaintiff from and after that date at an estimated cost of $50.00 per month, and she prayed judgment against defendant in her favor for the total amount due under the estimate up to the time of the filing of the supplemental petition and for an order requiring defendant to pay $50.00 per month for the future support and maintenance of the daughter. The court sustained defendant's demurrer filed to that portion of the petition seeking a judgment in favor of plaintiff for the daughter's past support, but sustained the motion for a monthly allowance for the benefit of the daughter in the future and fixed it at $40.00. Plaintiff declined to plead further on the branch of the supplemental petition seeking a personal judgment against defendant for the *past* support of the child, and her petition in so far as it sought that relief was dismissed, from which judgment she prosecutes this appeal.

It will be observed that the question involved is *not* the right of the infant to enforce against her father the latter's legal liability to support and maintain her; nor is it a proceeding by a stranger against the father to recover for *necessaries* furnished the later's infant child; nor is it a proceeding instituted on behalf of and for the benefit of the child to compel her father, the defendant, to provide for her *future* support, but it is simply and solely a proceeding on behalf of one parent, the wife, to recover a personal judgment against the husband, from whom she is divorced, for the past support and maintenance of their infant child when the wife under the divorce judgment rendered pursuant to a separation agreement voluntarily entered into a second marriage, whereby under the terms of the judgment and the agreement contributions from the husband *to the wife* and out of which the child was to be maintained by herself, at once ceased, thereby terminating the wife's individual right to recoup from her divorced husband the amounts she paid for

*past* support of the child, and the only question involved is: Whether, under the circumstances, she personally may recover from her former husband any such judgment in her favor?

Learned counsel for appellant cites many cases and authorities both foreign and domestic that deal generally with the obligations óf parents, and especially husbands, to maintain and support their infant children, some of which it may be conceded for the purposes of this case held the husband and father liable for past maintenance and support of his infant child, although payments therefor may have been made by his wife who had the custody of the child; but, practically if not all of them were rendered at a time when there existed no statute relieving the wife of her common law disabilities to contract, and also where there was no prior judgment fixing the mutual obligations of the father and mother as *between themselves.* We have a statute enacted in 1894 commonly known as the "Weissinger Act" enlarging the contractual powers of married women and which is broad enough to include *separation agreements,* as is shown by our opinion in the case of Edleson v. Edleson, 179 Ky. 300.

But, beyond and independently of that feature of the case, the trial court in its judgment in the divorce proceding in this case expressly incorporated therein the terms of the separation agreement and which included the rights and obligations of plaintiff and defendant as between themselves with reference to the support and maintenance of their infant child, and which was, that defendant should pay a designated amount, being one-third of his income, to his wife in discharge of all his obligations to her personally and individually for the maintenance of herself *and their infant child,* and that judgment, as we construe it, foreclosed the right of plaintiff to recoup from defendant or to reimburse herself for the sums she might expend for past support and maintenance of the child, but which, of course, could not and will not relieve defendant from the future support of the child in a proceeding instituted by it or someone for its benefit to obtain the proper allowance.

But learned counsel relies largely upon the Edleson case, *supra;* Miles v. Miles, 203 Ky. 431, and Parks v. Parks, 209 Ky. 127. A careful reading of those opinions,

however, will disclose that they have no bearing upon the facts involved in the question now under consideration, which is the only one presented on this appeal. On the contrary, in the Edleson opinion it was expressly recognized that so far as the wife *individually* was concerned she could *legally* contract with her husband to *herself* assume the maintenance and support of their infant child and it would be obligatory on her part as between her and him, but, of course, it would not be binding on the child for *future* support. The opinion on those two points uses this language: "It is, however, not illegal for the parents, who have separated, to enter into a contract with each other for the custody and maintenance of their child, but the court will not recognize such contract, unless it is one which insures the proper care and maintenance of the child. If the contract is such a one as the court would approve, keeping the welfare of the child in view, it may recognize the contract, but such contract will not be enforced longer than it appears to be for the best interests of the child, and parents entering into such a contract are presumed to do so in contemplation of their obligations under the law and the rights of the child. So long, however, as the court recognizes the contract, which has been entered into between the parents, its provisions should be enforced."

In the Miles case a retrospective allowance was made by the trial court, and upheld on appeal, of $50.00 per month against the husband for the support of his infant child, but that was bottomed exclusively upon an agreement in the nature of a separation agreement whereby the husband agreed to pay that monthly sum for the support of the child during the pendency of the action and he had failed to do so for a number of months at the time the allowance was made, which, of course, was during the pendency of the action. In the Parks case there existed no agreement between the husband and wife whereby the latter released the husband from the support of the infant child or in any manner assumed that obligation herself. So that, there was neither contract nor prior judgment in that case fixing the obligations of supporting the child as between themselves. Moreover, it also appeared in that case that the husband had left the jurisdiction of the court and became a nonresident of the state so that the wife was deprived of opening up the case and enforcing

an allowance for the maintenance and support of their infant child, and she was thereby compelled to furnish such support herself, and under those circumstances we held that she could recover for past support, but the adjudication was based exclusively upon the facts of that case, none of which appear in this one.

The case of Sengleton, 217 Ky. 38, involved only the question of future support of the child and it is, therefore, no authority for the contention of counsel for appellant in this case upon the right of his client to recover a judgment in her favor for the amounts she had expended for *past* support and maintainance of the infant child or herself and the defendant. We, therefore, conclude that the court correctly sustained the demurrer to the petition insofar as it sought to recover such a judgment, and properly dismissed it insofar as it sought that particular relief.

Wherefore, the judgment is affirmed.