## Viola Fertig v. Earl Fertig.

(Decided February 1, 1927.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

1. Appeal and Error—Exceptions Filed in Circuit Court but Not
Passed on There Cannot be Considered for First Time on Appeal.
—Exceptions filed in circuit court are waived when that court is
not called upon to pass on them, and they cannot be considered
for first time in Court of Appeals.

2. Divorce—Judgment Dismissing Petitions of Husband and Wife
for Divorce Did Not Bar Husband's Claim to Property.—Judgment
dismissing petition of both husband and wife in divorce suit did
not bar husband's claim to property in wife's name; since it left
property rights as they stood before.

3. Divorce—Evidence Held to Justify Dismissal of Petition for Di-
vorce for Wife's Lewd and Lascivious Conduct.—Evidence held
to justify court in dismissing husband's petition for divorce based
on lewd and lascivious conduct of wife.

4. Divorce—In Divorce Suit for Desertion, Judgment Cannot be
Entered on Grounds Litigated in Former Suit, in which Neither
Party was Granted Divorce.—In suit for divorce for desertion, court
cannot enter judgment on grounds litigated in former suit in which
neither party was granted divorce, since former judgment is con-
clusive as to causes of action litigated therein and any mistake
could only be corrected by appeal or a new trial.

5. Divorce—Appellate Court Cannot Reverse Judgment Granting Divorce.—Court of Appeals may not reverse judgment granting divorce.

6. Divorce—Appellate Court May Revise Circuit Court's Action in Refusing Wife Alimony and Awarding Child to Husband.—Court of Appeals may revise action of circuit court in divorce suit in refusing wife alimony and in awarding custody of child to husband.

7. Divorce—Wife Held Entitled to Husband's Interest in House, and Furniture, as Alimony.—Wife held entitled to husband's interest in house and furniture therein as alimony, where evidence showed her to be of good character and working for living and that she held title to house and made payments thereon.

8. Divorce—Best Interest of Child of Divorced Parents is Main Consideration in Determining its Custody.—In determining question of custody of child in divorce suit, main consideration is always best interest of such child.

9. Divorce—Child of Divorced Parents Held Properly Left with Paternal Grandparents, but Mother Should be Permitted to See it and Have it One Day Each Week.—Child of divorced parents was properly left with paternal grandparents, where both husband and wife were working and not at home during day, but mother should be allowed to see child at reasonable times and have it one day each week.

J. S. LUSCHER and L. G. BRADBURY for appellant.

W. A. SPINDLE for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

Viola Fertig and Earl Fertig were married on April 17, 1919. On March 20, 1924, she brought a suit against him for divorce, alleging that he had behaved toward her, for not less than six months. in such cruel and inhuman manner as to indicate a settled aversion to her and to destroy permanently her peace and happiness, and without fault on her part he had been guilty of such cruel beating and attempted injury of her as indicates an outrageous temper in him and danger to her life or great bodily injury to her if she remained with him. They then had a son, Norman Earl Fertig, Jr., three years old; she prayed a divorce, the custody of the child, alimony and an allowance for the support of the child. By an amendment to her petition, filed on may 29, 1924, she charged that he had contracted a loathsome disease. He answered denying the allegations of the petition and

pleaded that the plaintiff had been guilty of such lewd and lascivious behavior as proved her to be unchaste; that she was not a fit person to have charge of the child. He prayed a divorce and the custody of the child. He also alleged that a house and lot had been conveyed to her which was paid for with money provided by him, and he prayed that their property rights be settled. Proof was taken and on final hearing the circuit court dismissed the plaintiff's petition for divorce, also the defendant's counterclaim seeking a divorce and awarded the custody of the child to the wife, requiring the husband to pay her $7.00 a week for the support of the child. After this, on May 23, 1925, Earl Fertig filed a petition against his wife alleging that she had abandoned him on March 20, 1924, without fault on his part and that such abandonment had been continuous since that time. He made the same allegations as before about the property and prayed judgment for the property and the custody of the child. The wife answered denying the allegations of the petition, pleading that she was the sole owner of the property and had paid for it herself. She also alleged that without fault on her part the plaintiff, on March 20, 1924, abandoned her and ever since had lived separately from her. She prayed divorce and for alimony. Proof was taken; the court entered an order that the record of the former suit should be read as part of the second suit. On final hearing the court adjudged Earl Fertig a divorce from his wife; adjudged him the custody of the child and directed that the house and lot be sold and the money divided between them. The wife appeals.

The court delivered a written opinion in which he said this:

"Since passing on the status of these parties in action No. 143380 in this court, both parties and the witnesses have been before me twice with reference to the custody of the child. These hearings, and especially seeing and hearing the parties, I feel that my decision at that time was an error. While this suit is on a different ground, it is virtually on the same evidence. I have concluded defendant was at fault and hence judgment ordered for plaintiff"

It is insisted for appellant that the court was without right to consider the proof in the old case as the issues were different in the two cases. The wife filed

written exceptions to this evidence, but the exceptions were never passed on by the circuit court. The rule is that exceptions filed in the circuit court are waived when that court is not called upon to pass upon them, and they cannot be for the first time considered in this court. Fears v. United Loan, &c., Bank, 172 Ky. 255. It is also insisted that the judgment entered in the first case bars the husband of all claim to the property; but the judgment in the first case granted no divorce, it simply dismissed the petition of both parties and left their property rights as they stood before.

This brings us to the consideration of the whole case on the merits. The immediate cause of the first suit for divorce is thus stated by the wife: "On March 19, he kicked me, he tried to kick me out of bed and on the morning of the 20th he dragged me from the kitchen and was going to throw me out of the house; we were always quarreling and he was always threatening me. A year ago he slapped me and choaked me.". When asked who was to blame she said this: "Well we were both to blame at times, I guess. I had to do everything for him. If I wouldn't shine his boots then he would fuss at me. He wanted to be the boss and I wanted to be half the boss." There was other evidence showing that the wife had been seen with her neck red and swollen, with tears in her eyes and that the defendant often said that he was the boss and wanted a woman to do as he said. He threatened to slap the plaintiff at different times and seemed then to be intoxicated.

On the other hand, the proof for the husband in the first case showed these facts: In the year 1923, Sergeant Gluck, of the United States Army, and his wife boarded with Fertig and wife. He and Fertig were good friends. Gluck's wife left him and Gluck remained at the home of Fertig. In the fall of 1923, Mrs. Fertig and her sister went in a car with Gluck up to Indianapolis, and after staying there with her sister a few days she returned home with him. But this was all at the suggestion of the husband. Later, during the fall, the husband and wife and Gluck went down in Hardin county hunting. His relatives there, who entertained them, testify that Mrs. Fertig was more attentive to Gluck there than to her husband. But nothing improper is shown to have occurred at any time between her and Gluck. On December 3, 1923, Gluck left Louisville and was not shown to

have been in Louisville any more until after the judgment in the first divorce suit. The circuit court, therefore, upon the proof was clearly warranted in dismissing Fertig's petition for divorce in the first case based on lewd and lascivious conduct on the part of the wife.

There is much proof in the record indicating that the husband was drinking too much and that this was really the cause of the trouble between them. The wife had her hair bobbed at Christmas; he had told her not to do this and took violent umbrage at her doing it. This perhaps had as much to do in bringing about the state of feeling that caused the trouble in March as anything else.

The judgment in the first case is conclusive upon both parties as to the causes of action set up in that case and therein adjudged. The circuit court was without authority in the subsequent suit to modify that judgment or to enter any judgment for divorce on the grounds litigated in that action. If a mistake was made in that judgment it could only be corrected by an appeal to this court or by an application for a new trial under the Code.

The only ground of divorce alleged in the second suit was abandonment, but plainly under the evidence this abandonment, which occurred on March 20, 1924, was not without fault on the part of the husband. No husband can so maintain who has treated his wife in the manner shown by this record. There was no proof of lewdness on the part of the wife in that case, and in fact the proof of misconduct on the part of the wife in the second suit is less satisfactory than the proof in the first case. Three relatives of the husband testify to seeing Gluck at her house on June 20, 22 and 24, but four witnesses testify unequivocally that Gluck was with them at Indianapolis at this time and not in Louisville, and these witnesses are persons of high standing. While this court may not reverse a judgment granting divorce it may revise the action of the circuit court in refusing the wife alimony and in awarding the custody of the child to the husband. On all the facts there is no proof warranting a denial of alimony to the wife.

The wife showed, by a number of witnesses, that she was a lady of good character, and while it is shown that she was using a car which formerly belonged to Sergeant Gluck, the license stood in her name, and Gluck was in North Carolina. The husband has no means except his weekly earnings; the wife is also working for a living.

The title to the house is in her; the weight of the evidence is with her as to the payments made on the house by her. On the whole case the court has reached the conclusion to adjudge to her, as an allowance of alimony, the claim of her husband against the house for what he paid on it, also the furniture therein, in satisfaction of her claim for alimony.

In determining the question of the custody of the child the main consideration is always the best interest of the child. The wife is working for a living and so is not at home during the day; the husband is also at work, but has put the child with his father and mother, who take care of it during the day. The husband should support the child and the wife should have reasonable access to the child. For the present an order will be entered allowing her to see the child at reasonable times at the home where it now is, and also allowing her to have the child in her home one day in the week. The court may modify this as changed conditions may require.

Judgment reversed and cause remanded for a judgment as above indicated.