## Evans v. Evans.

(Decided April 16, 1929.)

STEPHENS & STEELY and O. W. BLACK for appellant.

J. B. JOHNSON, J. W. MESAMORE and H. H. OWENS for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

Opal Evans and Robley D. Evans were married September 1, 1920. He was about 21, and she 16. Two twin girls were born to them July 23, 1921. They were then living in a freight car at Harlan, Ky. He was working for the railroad, and no houses were to be had. After this they returned to Corbin, where he bought a lot, built a brick house on it, and they lived in it until March, 1927, when they separated. On July 14, 1927, she brought this suit against him for divorce, alleging cruel and inhuman treatment. He denied the allegations of the petition, and pleaded that she had been guilty of such lewd and lascivious conduct as proved her to be unchaste. Proof was taken, and, the case being finally submitted, the court on December 23, 1927, entered a judgment dismissing her petition for a divorce, granted a divorce to him on his counterclaim, reserving the question made by each of them as to the custody of the children, and adjudged him to pay $50 a month for the sup-

port of the two little girls until the further order of the court. After the judgment was entered on August 8, 1928, they made a written agreement by which the children were placed in the Grace Nettleton Home at Harrogate, Tenn., for the period of one year, he to pay the expenses and charges necessary to keep them there. The children were placed in the home under this agreement. After they separated, the husband sold the home for $5,-000, $300 of which was paid to the wife, and the remainder was paid out on the husband's debts. This appeal was filed on August 30, 1928. Various motions were entered. On January 6, 1929, the wife married C. M. Strickland, and thereupon the husband entered a motion to dismiss the appeal. The motion was passed to the merits, and the case was finally submitted on March 8, 1929.

The ground upon which the motion to dismiss the appeal is rested is that, as the court reserved the question as to the custody of the children, there has been no final judgment on this branch of the case, and, as the wife has married another, she is not entitled to claim alimony from her former husband. Until there is a final judgment in the circuit court, no appeal lies to this court, and, as the circuit court has not decided upon the custody of the children, that question is not now before this court. So it remains to determine, has she lost her right to alimony by marrying a second time? In Montgomery v. Offutt, 136 Ky. 157, 123 S. W. 676, it was held that no payment of alimony accruing thereafter should be paid after a second marriage, but that the wife was entitled to alimony up to her second marriage. That case followed Franck v. Franck, 107 Ky. 362, 54 S. W. 195, 21 Ky. Law Rep. 1093, and is in accord with the great weight of authority. The rule is that a second marriage discharges the husband from further payments of alimony where the wife marries a man who is able to afford her a reasonable support, but does not operate as a release of the former husband's obligations to pay alimony up to her second marriege. 19 C. J. 275, sec. 626. Daugherty v. Daugherty, 217 Ky. 542, 290 S. W. 312, does not lay down a different rule, for that case went off on the fact that in that case the wife had agreed that the allowance for support of herself and children should cease on her remarriage, and she had afterwards married, and it was simply held that she could not recover sums expended by her after the marriage for the sup-

port of the children. The motion to dismiss the appeal must therefore be overruled.

The circuit court having granted a divorce, this court is without power to modify the judgment in so far as it granted the divorce to the parties, but the court may modify it in so far as it refuses the wife alimony. There is absolutely no evidence in the record showing lewd or lascivious conduct on the part of the wife. The circuit court properly rejected all the evidence as to the Mullins letter, which was purely hearsay, as Mullins was not sworn, and there was no evidence showing that the wife had done anything wrong. There was some proof that she was seen riding in a car at night with Claud Eliott, the assistant cashier of the bank at Corbin, but she proved by both Eliott and her sister, Leona, that Leona was the lady riding with Eliott on the occasion referred to. There was also some proof that she was seen on the streets in front of the drug store, and perhaps at one or two places in the vicinity talking to Ben Barton at night, but Ben Barton was the railroad agent at Grays, where she had been raised. They had known each other for years, and he testified unequivocally that nothing improper occurred between them. His testimony is confirmed by all the circumstances and by the testimony of her sister, Mrs. Corum. The only proof in the record in any degree supporting the judgment of the circuit court is the testimony of a number of witnesses that her general character for morality was bad. This evidence was competent only to impeach her testimony as a witness. In Evans v. Evans, 93 Ky. 518, 20 S. W. 607 (14 Ky. Law. Rep. 628), a like case, the court thus stated the rule:

"Complaint is also made because the testimony relative to the general reputation of the wife for unchasity was excluded. In civil actions evidence of general reputation is not admissible unless the proceeding be such as to put the character of the party directly in issue. The charge was adultery by her. She should not be convicted of such an act upon presumption. It was not a proceeding which put her general character in issue, and the admission of such evidence for the purpose of raising a presumption of her guilt would lead to more of uncertainty and disadvantage than benefit in the administration of justice."

This was followed in Mattingly v. Shortell, 120 Ky. 52, 85 S. W. 215, 27 Ky. Law Rep. 427; L. & N. R. Co. v. Owens, 164 Ky. 561, 175 S. W. 1039; Wesley v. Wesley, 181 Ky. 139, 204 S. W. 165; Leahman v. Broughton, 196 Ky. 153, 244 S. W. 403. See also 19 C. J. 127, sec. 333. A woman's reputation in a community may be affected by what an estranged husband may say about her or by other things beyond her control, but this does not prove that she is unchaste. The rule is well settled that circumstances merely suspicious are not sufficient to establish the wife's guilt of lewd and lascivious conduct. Anderson v. Anderson, 152 Ky. 780, 154 S. W. 1. While this court gives some weight to the judgment of the chancellor in cases like this, it will not sustain his judgment when not warranted by the evidence, and it will exercise its own judgment in determining whether the evidence warrants the judgment. Under the evidence, the court should have entered a judgment in favor of the wife for a reasonable sum for alimony on the granting of the divorce, and on the return of the case to the circuit court an allowance of $20 a month will be made to her from the date of the judgment until her second marriage.

Judgment reversed, and cause remanded for a judgment as above indicated.