### Evans v. Evans.

(Decided December 17, 1929.)

STEPHENS & STEELY for appellant.

H. H. OWENS and J. B. JOHNSON for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

Opal Evans and Robley D. Evans were married April, 1920. There were born to them two girls, twins, who are nearly 7 years old. The husband sued the wife for divorce two or three years ago, and obtained a decree granting him a divorce and denying the wife alimony. The custody of the children was not determined by that judgment. She appealed to this court. The opinion is reported in 229 Ky. 21, 16 S. W. (2d) 485. It was held that the husband was not entitled to a divorce on the record made, and the cause was reversed to the extent that it denied alimony to the wife. When it was returned and the mandate entered, the appellee, Robley D. Evans, filed an amended petition seeking the custody of the children. By agreement between the parties, they had been placed in an orphanage for one year. Appellant, Opal Evans (now Mrs. C. M. Strickland) filed an answer and counterclaim asking for the custody of the children.

Both parties, without objection, filed affidavits in support of the allegations in the pleadings. The chancellor entered an order denying appellant the custody of the children and placing them in an orphanage, or rather directing that the orphanage retain custody of them until further orders. Appellee appears to have abandoned his prayer for the custody of the children as the order makes it appear that he was asking that the children be placed in the orphanage.

Appellant has brought the record here questioning the propriety of the order of the court, and the appellee questions her right of appeal and denies that the order made by the chancellor was improper. It is urged by appellee that the order placing the custody of the children with the orphanage was not a final order and therefore no appeal could be taken from it, because, it is said, the court placed the children in the orphanage until further orders of the court. If the contention of appellee on this point should be upheld, there could be no appeal from a judgment determining the custody of children, as the chancellor always retains control of his orders in cases such as this. Section 2123, Ky. Statutes, vests in the chancellor that authority. The question of the right of an appeal from such an order was determined adversely to the contention of appellee in Casebolt v. Casebolt, 170 Ky. 88, 185 S. W. 510.

It is urged, seemingly by both parties, that the court was without authority to determine the question presented on the affidavits filed by the parties. It is said that affidavits cannot be read on a hearing of this nature, and the case of Hays v. Hays, 219 Ky. 284, 292 S. W. 773, is relied on. It was held in that case that affidavits could not be read over the objection of a party, and that is correct. Section 547, Civil Code of Practice, is to the effect that an affidavit may be read to verify a pleading; to prove the service of a summons, notice, or other process in action; to obtain a provisional remedy, and examination of a witness, a stay of proceedings, or warning order; or upon a motion; and in any other case permitted by law. A proceeding to determine the custody of children is not by motion, but by a petition, and for that reason producing the evidence by affidavits is not allowable if there are objections. Affidavits cannot be read without agreement on the final trial of equity actions in

any case. May v. Williams, 109 Ky. 682, 60 S. W. 525, 22 Ky. Law Rep. 1328.

But in this case there was no objection to the reading of the affidavits as evidence. All parties treated them as depositions. It is too late to raise the question after a case has been determined on affidavits.

The remaining question is whether the chancellor should have placed these children in an orphanage rather than to place them with the mother who was asking for their custody. An orphanage is a poor substitute for a real home in a family, and, when the mother of little girls has a permanent home, she should not be denied the custody of them unless there are substantial grounds alleged and proven showing that she is not a fit person to have their care. If she did not want them, she would not be here asking for them. There is no substitute for a mother's love. It is made to appear by the affidavits that she neglected these children during the period that they were with her after the divorce was granted, and before they were placed in the orphanage by agreement. At that time she had an income of $42.50 a month. She was living in an apartment house. She was attending a business college in an effort to prepare herself to earn enough to support her and her children. The statements that she neglected the children are denied by her. She is supported by the affidavits of others. Charges are made in the affidavits against her that her present husband visited her before their marriage at times when he was intoxicated. She admits that he was addicted to the use of intoxicants in excess for a while. He is working for the Louisville & Nashville Railroad Company, and he puts in full time and earns about $7 a day. They live in a home in the country about two miles out of Corbin. No one charges in any affidavit that he is addicted to the excessive use of intoxicants at this time. The chancellor has control of the custody of the children. He should award the custody of these children to the mother subject to further orders of the court. If the mother does not give them that care and attention to which they are entiled, the chancellor will not be without power to reclaim from her the custody of the children. Their father should be allowed to see them at such reasonable times, and under such reasonable regulations, as the chancellor may prescribe. We believe this is for the best interest

of the children, and that is the main consideration in cases such as this. Fertig v. Fertig, 218 Ky. 370, 291 S. W. 706; Strobel v. Strobel, 216 Ky. 731, 288 S. W. 678.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.