## Whalen v. Boles et al.

February 9, 1951.

Rehearing denied March 20, 1951.

Lawrence F. Speckman, Judge.

Louis H. Jull and Joseph W. Cambron for appellant.

Brent C. Overstreet, for appellees.

CHIEF JUSTICE CAMMACK—Reversing.

This appeal is taken from a judgment rendered August 10, 1949, awarding the custody of Patricia Ann Whalen, now eight and a half years old, to the appellee, her maternal grandmother, Mrs. Cornelia Kassens. The child's father is the appellant, Mr. Wilbur Robinson Whalen, Jr., and the mother is the appellee, Mrs. Anita Whalen Boles.

The appellant and the appellee, Mrs. Boles, were divorced on December 29, 1944, when the child was only two years old. The mother was awarded custody of the child and $75 per month as alimony for herself and maintenance for the child. Two weeks later the mother married Edward Boles, who was then in the Army, and moved temporarily to Texas. Mrs. Boles placed the child with her mother, who is about 50 years old and lives in Louisville, Kentucky. Patricia Ann has continued to reside with Mrs. Kassens since early 1945. In March, 1945, Mrs. Boles returned to Louisville and signed an agreement with the appellant that the alimony payments be discontinued, but that $6.00 a week be paid for the maintenance of the child, and that, in the event Mrs. Boles departed from the state, the child would be left with Mrs. Kassens. The appellees charge that this agreement was signed under duress of threats made by the appellant to have the mother, Mrs. Boles, charged with child desertion. The father denies this and his denial is supported by the statements of the attorney who drew the agreement and the attorney's secretary. After Mrs. Boles' husband left the Army in June, 1946, the couple moved to St. Paul, Minnesota, where Mr. Boles is employed by Swift & Company at a salary of $75 per week. The Boleses have another child, born during the pendency of this action. They live in a comfortable, modern five-room home.

The appellant entered the armed services on March 24, 1945, and was separated therefrom on July 29, 1947. He filed this action on December 12, 1947, seeking a modification of the original custody award. The appellant

has also remarried and has a child by his second wife. They have a comfortable five-room house in a good neighborhood in Louisville. Whalen earns about $300 a month at the Reynolds Metal Company.

Whalen alleged that the home of Mrs. Kassens was not a proper environment for raising Patricia Ann, due to the advanced age of the occupants. He further charged that Mrs. Boles has neglected the child by leaving her in the care of the grandmother, and that she rarely visits her.

The case was referred to a commissioner to hear proof. He recommended that the child be taken from Mrs. Kassens and placed in the custody of the appellant from June 15th to September 1st each year, and in the custody of the appellee, Mrs. Boles, for the remainder of the year. No exceptions were taken to this report, and all parties moved to have it confirmed. The chancellor, however, decided that the best interests of the child would be served by placing her in the custody of her grandmother, Mrs. Kassens.

From the record it appears that all three parties to this action are fit persons to have the custody of the child, in that they all have comfortable homes in respectable neighborhoods, are regular attendants at church and are financially able to provide for the child's needs. The chancellor's opinion was based primarily on the ground that he considered it bad for the child to be reared under a divided custody system. There is testimony showing that the child is nervous and stutters, and that this affliction was due to emotional insecurity. There is some disagreement as to the cause of the emotional insecurity, but a doctor stated that it probably came from conflicting emotional backgrounds, due to the split family.

We have consistently held that, in the absence of a showing that the parents are unfit for the custody of a child, they are entitled to its custody as against third parties, such as grandparents. Stupp v. Gross, 301 Ky. 84, 190 S. W. 2d 869; Setser v. Caldwell, 300 Ky. 356, 188 S. W. 2d 451; Matlock v. Elam, 262 Ky. 631, 90 S. W. 2d 1015.

The father seems very anxious to rear and care for Patricia Ann. He filed this action within five months

after his release from the armed services and after he had acquired a suitable home. The mother testified that she would like to have the child and has visited her regularly. It appears, however, that, though having legal custody of the child, she has never given serious thought to having the child live with her. She did not object to Mrs. Kassens' custody of the child before this action was commenced, and she does not now complain of the judgment to that effect. The appellant has always manifested a fatherly interest in the child, and she has spent some time each week in his home since he left the Army. The child and the appellant's present wife apparently share a mutual affection. Under these circumstances, we believe the father has shown the better right to the child. See Sanders v. Felzman, 308 Ky. 25, 213 S. W. 2d 428.

We have concluded that the father should have the custody of Patricia Ann during the school months, from September 1st to the following June 15th each year, and that the mother, Mrs. Boles, should have her custody during the summer months, from June 15th to September 1st, if she so desires; the father to pay $6.00 per week for the child's maintenance during the mother's actual custody.

In reaching the views expressed herein we are not unmindful of the attitude in which the chancellor approached this case. At the beginning of his opinion he said: "This is one of the most unfortunate and difficult cases a chancellor is called upon to decide, a child custody case. * * *" Often such cases are more difficult for us to decide than for a chancellor. Furthermore, it is with great reluctance that we disturb a finding of Judge Speckman on such a question. We feel, however, it will be better for Patricia Ann to be reared by one of her natural parents.

The judgment is reversed, with directions to set it aside and for the entry of a judgment in conformity with this opinion.