580

## WATERS v. WATERS.

Court of Appeals of Kentucky.
June 20, 1952.

Rehearing Denied Oct. 31, 1952.

Wallace & Hopson, Louisville, for appellant.

Blakey Helm, Louisville, for appellee.

COMBS, Justice.

Samuel Waters and Gertrude Waters, whom we will refer to by their first names, for the sake of brevity, were married in Pennsylvania in 1933. A son was born to them in 1934. They separated the same year. Samuel returned to Louisville, his birthplace, and has resided there since 1934. Gertrude obtained a divorce in Ohio in 1942 on service by publication, no reference being made in the case to the son's custody or maintenance. Gertrude has always had custody of the child and Samuel has contributed to his support, but the parties do not agree as to the amount of the contributions. Samuel says he has contributed about $300 a year, but Gertrude says he has contributed a total of not more than $2000 since their separation. Samuel has remarried, and has a son by an earlier marriage who is now 22 years old and married.

Gertrude filed this action to recover for past expenditures made by her for the support, maintenance and education of the son, and for a reasonable sum for his future support, maintenance and education. The prayer of the petition was for $15,200 for past expenditures. By amendment the demand was increased to $24,000. The trial court made an allowance to the son of $125

per month so long as he attends high school regularly, and $50 per month during the time he does not attend high school. The claim for past expenditures was disallowed. Gertrude appeals and Samuel cross-appeals, contending that the allowance to the son is excessive.

Counsel for Gertrude cites a number of cases from other states in which it was held that a wife may recover for past expenditures made by her for the maintenance of children after the father had deserted them and departed from the jurisdiction of the court. It appears that there is no hard and fast rule on the subject but that each case must be decided on its merits. Certainly, that is the ruling of this court in the only Kentucky case cited on the point. In that case—Parks v. Parks, 209 Ky. 127, 272 S.W. 419, 422—it was said:

"Without departing from the general rule announced, *supra*, may the mother under such a decree recover for extraordinary expenses necessarily incurred which were not contemplated at the time the decree was entered, and which she has paid out of her separate estate?

"An answer to this question depends to some extent upon the facts and circumstances of the case. The purpose of the law is to provide and maintain an equitable adjustment of parental burdens. * * *"

■ In this case there is nothing to show that Samuel removed himself from the jurisdiction of the Ohio court in order to avoid service of summons, or that he made any effort to conceal his whereabouts. We also take note of the fact that he has made some contributions through the years, although it appears that some of these contributions were made under threat of legal action. KRS 403.070 authorizes the courts to "make orders for the care, custody and maintenance of the minor children". It has been held that a claim for maintenance may be maintained, even though no allowance for maintenance is made in the original judgment. Daugherty v. Daugherty, 217 Ky. 542, 290 S.W. 312. But the wording of the statute indicates that it was the intention of the Legislature that modification of a judgment for maintenance would have only a prospective effect. The statute has been so construed. Middleton v. Middleton, 235 Ky. 395, 31 S.W.2d 615; Whitby v. Whitby, 306 Ky. 355, 208 S.W.2d 68. We do not hold that a wife may not in an exceptional case recover for past expenditures made by her, but, under the circumstances of this case, we are of the opinion that the trial Judge exercised a sound discretion in disallowing the wife's claim.

■ The only remaining question is whether the allowance for the benefit of the son is excessive. Samuel owns his home which cost $10,000. There is a $1500 mortgage on it. His highest earned income, as shown by the record, was $350 per month while he was an officer in the Army in 1945. Since his discharge he has been employed as a manufacturer's agent. The Commissioner found that he is capable of earning at least $3600 gross per year. He apparently is required to pay some traveling expenses out of his gross income, but the exact amount of his expenses is not clearly established. He has a trust income of approximately $3000 a year. The allowance of the Chancellor was made effective as of September 18, 1950. At that time the son was 16 years old. He is now 18 and, according to the record, is 6 feet 3 inches tall and weighs about 170 pounds. He is a student in high school and apparently is in good health. No reason is shown why he cannot earn an income during summer vacations. We have reached the conclusion the allowance made by the Chancellor is too liberal, and that, effective as of the date the mandate of this Court is filed, it should be reduced to $100 per month ($1200 per year) so long as the son attends high school regularly, and $50 per month if he should quit school.

The judgment on the appeal is affirmed; on the cross-appeal it is affirmed as herein modified.