## WILSON v. WILSON.

Court of Appeals of Kentucky.

Feb. 13, 1953.

J. Rivers Wright, Louisville, for appellant.

Robert J. Speckman, Louisville, for appellee.

STANLEY, Commissioner.

The judgment of divorce of Helen Wilson from Dale Wilson entered in December, 1947, incorporated an agreement that the custody of their three children, aged 7, 5, and 1½ years, should be with the father so long as his mother "remains in such a state of health as to supervise the rearing of said children." It was contemplated that the children would live with their father's parents on a small farm in Warren County subject to the mother's visitation. Both parents of the children continued to live in Louisville. The agreement further stated that "if and when the defendant's mother becomes incapacitated" the parties would endeavor to settle the matter of custody and maintenance.

The mother of the children remarried soon after the divorce. She happened to see the children in the care of a lady friend of their father on a street in Louisville and promptly moved the court to modify the judgment and award her the custody. It appears the children were in Louisville for a week or so while their grandmother was away from home.

The mother and her husband own a small home in Louisville and both of them are able and anxious to have the children. The court found without difficulty that the mother is fit and suitable to have their custody and rearing. It does not appear that the father is in position to care for them himself. The grandparents are estimable people and the mother finds no fault in them. The grandmother, as the court stated, is not in the best of health and must visit her physician frequently, although she testified that she is in better health than when the children were placed in her care. The court concluded that "the scales are about evenly balanced between the two homes" insofar as the welfare of the children is concerned. While he believed the boys would be happier in the country, the educational facilities of the city are better. Weighing all the evidence and circumstances, which are detailed in his opinion, and influenced by the rule that a parent is entitled to his or her children as against custody by the grandparents, the court modified the origi-

**50**

nal judgment and awarded the children to their mother. Whalen v. Boles, 314 Ky. 817, 236 S.W.2d 885; Montgomery v. Abel, Ky., 239 S.W.2d 60. The order provides that the father may visit the children at reasonable times and shall contribute $15 a week for their maintenance. We see no reason to disturb the modified judgment, which was entered in June, 1951.

Judgment is affirmed.