George J. WYATT, Appellant,

v.

Janie WEBB et al., Appellees.

Court of Appeals of Kentucky.

Nov. 7, 1958.

C. L. Bell, Josiah B. Gathright, Louisville, for appellant.

Hector E. Rose, Robert Hubbard, Louisville, for appellee.

Calvert C. Little, London, for appellant.

Robert H. Helton, Jr., London, for appellees.

EBLEN, Judge.

Appellant filed a petition in the circuit court by which he sought custody of his five year old daughter, Glenda Wyatt, born to him and appellee, Vera Lois Wyatt, during their marriage. The appellee, Janie Webb, is the maternal grandmother of Glenda. The answer of the appellees asserted rights under an award of custody to the mother in a decree of divorce granted to her in 1954. By counterclaim, Vera Lois Wyatt alleged that the circuit court, in its judgment granting the divorce and awarding custody of the child, ordered George Wyatt to pay $20 per month to her for the support of the daughter, and that the appellant was delinquent in such payments in the sum of $320, for which she prayed judgment of the court, and also requested such further relief as should be just and proper. The lower court refused to give custody of the daughter to the father, and adjudged that the mother recover a total of $520 in monthly support payments and an attorney's fee of $125. This appeal is from those parts of the judgment denying the father's claim to custody and awarding the attorney's fee to the mother. An attack is made, too, on the findings and conclusion of the lower court because of the reference of the judge to his private knowledge.

On the issue of custody the appellant insists that the contest is between him and the maternal grandmother who had the actual custody of the child. It was shown that the mother of Glenda had been living in Indiana for some time and that she intended to continue living out of the state for considerably more time. In such a situation, the appellant urges that the decisions of this Court declare that, other things being equal, a parent has a superior right to custody as against relatives. Further, it is said that one claiming custody against a parent has the burden of proving the parent unfit for custody, and that often a positive disqualification must be shown. Numerous cases in support of this position are cited, among them being Middleton v. Middleton, Ky., 261 S.W.2d 640; Wilson v. Wilson, Ky., 255 S.W.2d 49; Howard v. Ragsdale, Ky., 249 S.W.2d 154; Whalen

v. Boles, 314 Ky. 817, 236 S.W.2d 885; Hunkler v. Collett, 307 Ky. 722, 212 S.W.2d 286.

It is doubtful whether this can be termed a contest between the father and grandmother, even if we disregard the fact that legal custody is in the mother. Vera Lois, the mother, testified that she lived at the same address as the grandmother; that when the appellant ceased making his support payments, the full support of the daughter was cast upon her; that it was necessary that she find more remunerative employment which caused her to go to Indiana; and that she was working and attending night school so that she would be able to support herself and her daughter upon her return. It was shown that the mother made frequent visits to her daughter.

The appellant's excuse for his failure to make the support payments was an illness during the earlier months of his default, and a bare assertion that he was not sure the child would get the benefit of later payments. Disregarding the earlier illness period, apparently he preferred that his daughter suffer for lack of support rather than take the chance that his payments would be used for other purposes. To the extent that this failure to perform his legally adjudged duty threw the entire burden of support on the mother and caused her to go to another state in order to find work that would enable her to adequately meet that burden, he cannot thereby strengthen his claim to custody. In truth, his dereliction of his clear and positive duty, properly determined by law and explained by nothing more than an unsupported statement that he was not sure the payments would be used for the child, casts a cloud on his testimony that he could and would provide for his daughter in an adequate manner if given her custody.

The grandmother works away from home during the day, but has had others keep or look after Glenda during her absence. There was no evidence to show that the child had not had proper care and attention at all times. Considering all the circumstances, and bearing in mind that the prime consideration is the welfare of the child, we conclude that the court did not err in refusing to grant custody to the appellant.

Error is assigned because of the statements appearing in the following excerpts from the judgment of the lower court:

"The Court has seen this child and talked to it and it is exceptionally bright and is exceptionally well dressed and cared for and in good health, and seems to be exceedingly happy in its present home. * * * The Court is of the opinion that such a change would be detrimental to the welfare of the child because the Court knows the grandmother and mother of the child and the community in which they live, and the Court knows that they live a very short distance from church, Sunday School and a public school and the Court knows that the child is being well cared for and is as well cared for as any child in Laurel County."

Counsel for appellant correctly contends that personal or private knowledge of the judge cannot form the basis for findings of fact or the decision of a case. Except as to those matters which are within the realm of judicial notice, as distinguished from the private or extrajudicial knowledge of the judge, the record supplies the facts that govern the result. Smith v. Henson, 298 Ky. 182, 182 S.W.2d 666. While it follows that the judge improperly and erroneously referred to his individual knowledge, there was evidence in the record which supported these findings and the conclusion. Thus, the private knowledge of the judge is not used to supply a deficiency in the record. The question is close, but we think the error is not prejudicial in the light of the record in this case.

 The prosecution of the counterclaim to recover the support payments was for the benefit of the infant child, and the appellant was properly adjudged responsible for a reasonable fee for the mother's attorney in performing this service. Ginter v. Ginter, 305 Ky. 513, 204 S.W.2d 596. No question is presented as to the reasonableness of the fee allowed.

The judgment is affirmed.