CASE 7—PETITION EQUITY—SEPTEMBER 15.

# Adams vs. Adams.

APPEAL FROM GREENUP CIRCUIT COURT.

1. The absence of the principal counsel, who had not attended the court for two years, is no ground of continuance, especially where no additional preparation is expected.

2. Where the parents are divorced, although, *prima facie,* the rights and duties of the father with respect to the child are superior to those of the mother; yet, the court should confide its custody to the parent most capable; and if neither be capable, the trust may be devolved on a stranger.

STANTON & THROOP, for appellant, cited 17 *B. M.,* 373; 2 *Rev. Stat.,* 21.

E. F. DULIN, for appellee, cited *Rev. Stat., chap.* 47, *art.* 3, *sec.* 1; *Civ. Code, sec.* 16.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

Mary Ann Adams, complaining of intolerable mistreatment by her husband, John C. Adams, left his residence, near the Ohio river, in Kentucky, and took refuge at her father's house, not far distant, in the State of Ohio; and in April, 1855, brought this suit in the county of her late abandoned domicil for a divorce, and for the assured retention of her only child, a boy about two years old, whom she took with her to Ohio.

She charged such maltreatment as evinced a settled aversion by her husband, and alleged that she was better qualified than he for the curation and tutelage of the child.

He did not respond to the latter allegation. He abducted the child, and the court, after investigating the facts, ordered restitution, and inhibited any further intrusion on the mother's enjoyment of the custody during the pendency of the suit, which was continued without final disposition by the circuit court until May, 1863, when a judgment was rendered divorcing her from her husband, and assuring to her the retention of the child until he shall attain fourteen years of age, and to the father proper visitation.

A judicial divorce being excepted by law from the revisory jurisdiction of this court, this appeal presents only two grounds for consideration—1. The overruling of a motion for a further continuance; and 2. Alleged error in the disposition made of the child.

Neither of these grounds is, in the judgment of this court, available.

1. The continuance was sought by the partner of the principal counsel, who alone was familiar with the case, and who, as well as their client, did not expect a hearing at that term, and was confined by sickness. But the record shows that the case had been pending more than eight years, without any further preparation for three years; and the affidavit of the clerk states that the absent counsel had not been at that court for two years.

We see no good reason for a more vexatious prolongation of the case. Further preparation was neither desired nor expected. And the only aim of the motion seems to have been the

Adams vs. Adams.

advantage of oral argument of the case by the counsel who chose to be, or happened to be, most familiar with the record. Justice did not require, and policy forbid, longer negligence and delay.

2. The welfare of infancy, involving that also of the Comwealth, defines the sphere of parental rights and duties, and these preferred rights and duties are correlative. The character and destiny of the citizen are moulded by the domestic tutelage of the nursling. And, therefore, whenever the parents are separated by divorce, although, *prima facie*, the abstract right and duty of the father are superior to those of the mother, yet the court dissolving the union should confide the care and custody of their infant child to the parent most trustworthy and capable; and if neither of them shall be worthy of such a delicate and eventful trust, the interest of the child and of the public may authorize a transfer of the custody to a stranger.

We are satisfied from the record, that, in this case, the mother, without whose guardian care and maternal countenance her child could not, for some years, live as happily or as safely, is well qualified for the trust confided to her; and we are not assured that the father is, in any respect, as well qualified, or, in the more essential elements, qualified at all.

The residence of the mother in Ohio presents no formidable objection to the order. For the welfare of the infant, the court might have changed the domicil; and certainly, therefore, it could ratify a change long before made with its sanction and so continued *pendente lite*.

Wherefore, the judgment is affirmed.