**Elizabeth BERRY et al., Appellants,**

**v.**

**Alonzo BERRY, Appellee.**

Court of Appeals of Kentucky.

Feb. 12, 1965.

William T. Walton, MacDonald & Walton, Flemingsburg, for Janet Rascov.

E. V. Holder; E. V. Holder, Jr., Vanceburg, for appellee.

MONTGOMERY, Judge.

The custody of Opal Jean Berry, a seven-year-old female child, was awarded to Alonzo Berry, the father. Janet Rascov, with whom the child had been living, has appealed. She questions whether the father is suited for the trust and whether the transfer is in the best interest of the child.

Elizabeth Mason Berry and Alonzo Berry were married on February 2, 1956. At that time Elizabeth had a son, Michael Mason, born out of wedlock and fathered apparently by someone other than Alonzo. Opal Jean was born March 13, 1957.

On October 28, 1957, Elizabeth sued for divorce. She was granted a divorce on January 8, 1959. Custody of Opal Jean was awarded to the mother, with the father having the right of reasonable visitation and being directed to pay $10 per week for the child's support.

The mother died April 1, 1963. Shortly before her death she requested Janet Rascov, unrelated, to take care of Opal Jean and suggested that she seek to be appointed as guardian of the child. Appellee says that he had had no notice of the proceeding by which Janet was appointed as guardian by the Lewis County Court. The child had since lived with Janet in a house trailer, also occupied by Michael and another young woman and her child.

Janet is 23 years old and a licensed practical nurse. Under her care Opal Jean had attended school and church regularly and seemed to have had good care. Janet expressed a desire to adopt the child but testified that she had been advised that this could not be done unless she was married. She also said that she had contemplated marriage "If I can find the right one." She indicated an interest in someone. When asked, "What happened?", she replied, "He was married."

Appellee has remarried. He provides a home for his present wife and their two children by employment with an established business firm.

Appellee has been active in his efforts to regain the custody of Opal Jean. He, unsuccessfully, sought her custody by a habeas corpus proceeding in the Fleming Circuit Court. His attempt to have the guardianship appointment invalidated was unsuccessful in the Lewis County Court. On June 17, 1963, he moved to have redocketed the divorce action as to the question of custody; hence, the style of this proceeding. Janet sought to defeat the move by seeking prohibition, which was denied November 15, 1963, in an unreported opinion styled Rascov v. Sowards, Judge.

Testimony was heard on appellee's motion in the latest proceeding, and the court awarded custody of the child to the father to be delivered on or before July 9, 1964. At the hearing appellee was called as if upon cross-examination. Janet, her mother, and Opal Jean's teacher also testified in Janet's behalf.

By KRS 405.020(1) the surviving parent, if suited to the trust, shall have the custody, nurture, and education of a minor child. The rule is that in a contest between a foster parent and a natural parent who has not surrendered custody, the natural parent has the superior right of custody which must prevail unless the natural parent is not suitable, fit, or capable of making reasonably adequate provisions for the child's well-being. Rallihan v. Motschmann, 179 Ky. 180, 200 S.W. 358; Crase v. Shepherd, Ky., 240 S.W.2d 548; Middleton v. Middleton, Ky., 261 S.W.2d 640. The burden of showing unfitness is on the person seeking to deprive the natural parent of custody. Rallihan v. Motschmann, 179 Ky. 180, 200 S.W. 358; Whalen v. Boles, 314 Ky. 817, 236 S.W.2d 885; Bonilla v. Bonilla, Ky., 335 S.W.2d 572. If both parties are shown to be equally fit, the natural parent shall prevail. Galilean Children's Home v. Ball, 308 Ky. 319, 214 S.W.2d 403.

The Chancellor correctly placed the burden of showing unfitness on appellant. She contends that she has shown unfitness by reason of appellee's lack of interest and failure to maintain support payments. Appellee had made his support payments satisfactorily until he had some difficulty with his ex-wife's father shortly before her death. When he inquired about the child after her mother's death, Janet told him, "You ain't got no relations to her." Since the mother's death, appellee had seen the child only once. On the other hand he had steadfastly sought to regain custody of the child by various legal proceedings which may be considered as indicative of his interest in the child. On this record no abuse of discretion by the Chancellor has been shown.

Judgment affirmed.