**George F. WOLPERT et al., Appellants,**

**v.**

**LOUISVILLE GAS & ELECTRIC COMPANY, Appellee.**

Court of Appeals of Kentucky.

March 20, 1970.

Thomas B. Givhan, Shepherdsville, for appellants.

T. C. Carroll, Shepherdsville, Gerald Kirven, Louisville, for appellee.

PALMORE, Judge.

George F. Wolpert and wife appeal from a judgment awarding them $8,500 for the taking of an electric transmission line easement by the appellee, Louisville Gas and Electric Company.

The land in question is a 140-acre farm tract in Bullitt County bounded on the north by another farm, on the east and south by the Blue Lick Road (a public highway), and on the west by a railroad right-of-way of the L. & N. Railroad Company. The Wolperts bought it in 1964 for

$53,500 and thereafter improved it in various respects at a cost not exceeding $15,000. The date of taking was in September of 1967.

This easement strip, 350 feet wide, crosses the southwest corner of the farm and embraces an area of 6.7 acres. It lies contiguous to and along the southwest line of a pre-existing 100-foot right-of-way owned by L. G. & E. The residence and other major improvements on the farm lie to the east or northeast and are not substantially affected by the taking involved in this case.

During the course of the proceedings before the jury the trial court became concerned at the length to which counsel for the landowners was cross-examining a valuation witness for the condemnor. After sustaining an objection to one particular line of questioning the trial judge asked counsel for both sides into his chambers, where he urged them to expedite the trial and admonished counsel for the landowners to the effect that he was going to unnecessary lengths with the witness then on the stand. A considerable exchange between court and counsel for the landowners ensued, but none of it was discourteous or acrimonious and, of course, none of it was heard by the jury. Nevertheless, the first two complaints made on this appeal are that (1) the judge's demeanor before the jury was prejudicial to counsel for the landowners and (2) the criticism inflicted upon counsel in chambers so upset him that he was not able to complete his cross-examination of the witness in an effective manner.

■ We are confident that upon a dispassionate reflection counsel will recognize that an appellate court cannot review a trial judge's demeanor on the basis of how it is characterized in a brief. We realize that the cold pages of a transcript cannot record a perfect image of the sights and sounds of a trial. But it is the best we can do if there is to be any review at all. Neither could we take at face value counsel's claim that he was "all shook up." In short, these two arguments simply do not present a ground for reversal. Our review is confined to the record.

■ The third claim of error is that the court refused to strike the testimony of the valuation witness Snyder because, on cross-examination by counsel for the landowners, he said that "when you sell the frontage off the farm, the back isn't worth anything." See Com., Dept. of Highways v. Jewell, Ky., 405 S.W.2d 678, 680 (1966), holding that a non-expert landowner's opinion that 90 acres of land remaining after a highway taking had a value of zero was of no probative value and should have been stricken. Snyder's testimony was not comparable with that mentioned in the *Jewell* case, and it was not given in the same context. In fact, it seems to us that he was merely exaggerating for the purpose of illustrating that the per-acre value of land represents an average, running from a maximum value on the front to a theoretical minimum value of zero at the back. Anyway, his testimony as a whole certainly had substantial probative value as contrasted with that of the witness in *Jewell*, who demonstrated a complete ignorance of land values. We need not resort to the further point that the motion to strike in this case was not timely made.

■ The next contention is that the amount of damages was inadequate. Suffice it to say that on the evidence in the record there is no reasonable basis on which this court could or should overrule the judgment of the trial jury.

■ In cross-examining an engineer for the condemnor, counsel for the landowners asked the following question with the following result:

"Q. Louisville Gas & Electric Company won't pay any tax on the land that is under this easement, will they?

A. They will only pay their franchise tax? * * *

OBJECTION BY COUNSEL FOR PLAINTIFF:

He may not know * * *

OBJECTION SUSTAINED.

MR. GIVHAN: I'll ask him if he does know.

THE COURT: That is a legal question and he is not a lawyer. Just an engineer."

The question was irrelevant, and for that reason if no other its exclusion by the trial court was correct.

There were several instances in which the trial court overruled objections by counsel for the landowner and sustained objections by opposing counsel during examination of the condemnor's valuation witness Hardy, and at least once the court suggested to counsel for the landowners that his questioning was argumentative. All of this, it is now contended, put counsel for the landowners in a bad light in front of the jury. Again it is said that the judge's demeanor was hurtful, but again we must reply that this comes to us without sufficient authentication for official acceptance.

In the instances of objections overruled we find no prejudicially improper testimony, and no cases are cited to the contrary. In the instances of objections sustained there are no avowals to avail us an opportunity of determining whether the exclusions were prejudicial.

Upon an objective review of the case we are unable to find any prejudicial error or indication of an unfair trial or verdict.

The judgment is affirmed.

All concur.