**Raymond Wilcus RICE, Appellant,**

v.

**Robert HATFIELD, Individually, and as next friend for Raymond Michael Rice, an infant, and Thomas Mathew Rice, an infant, Appellee.**

Court of Appeals of Kentucky.

Sept. 10, 1982.

George C. Howell, Ashland, for appellant.

Donald Frailie, Ashland, for appellee.

Before HOGGE, McDONALD and VANCE, JJ.

VANCE, Judge.

This is an appeal in a child custody action between the natural father and a maternal uncle. The mother, who was divorced from the appellant father, was killed in an auto accident. The mother had previously been awarded custody of the children. Shortly after the mother's death, the appellant moved for custody of his children and the appellee, the children's uncle, intervened requesting he be given custody. The trial court awarded custody to the uncle because the father had failed to pay child support and rarely visited the children and found:

> It would do these children great mental and moral harm to transfer them from the uncle who has been more of a father than their biological father. The children are happy, in school, and enjoy a good home life. The best interest of the children would be served by having them remain where they are than to uproot them, take them into a strange environment, into a strange school, and cause them to readjust to a different home life.

The court did not, however, find that the father was an unfit parent. Testimony indicated the father was employed, was remarried and could provide an adequate home for the children. KRS 405.020 states:

> The father and mother shall have the joint custody, nurture and education of their children who are under the age of eighteen. If either of the parents dies, the survivor, if suited to the trust, shall have the custody, nurture and education of the children who are under the age of eighteen. The father shall be primarily liable for the nurture and education of his children who are under the age of eighteen.

While the "best interest" test applies to custody disputes between natural parents, the court has stated:

> By KRS 405.020(1) the surviving parent, if suited to the trust, shall have the custody, nurture and education of a minor child. The rule is that in a contest between a foster parent and a natural parent who has not surrendered custody, the natural parent has the superior right of custody which must prevail unless the natural parent is not suitable, fit or capable of making reasonably adequate provisions for the child's well-being. *Berry v. Berry,* Ky., 386 S.W.2d 951, 952 (1965)

Appellee cites *Reynardus v. Garcia,* Ky., 437 S.W.2d 740 (1969) wherein the court stated the surviving parent had no absolute right to custody but that the right is conditioned on what is best for the welfare of the children. In *Reynardus,* the court also quoted at length from *Rallihan v. Motschmann,* 179 Ky. 180, 200 S.W. 358 (1918) as follows:

> Hence, it appears that in the event of the death of a mother, the husband surviving, as in the instant case, he has a superior right, both under the common law and by the statute, if he is suited to the trust, to have the custody, nurture and education of his child. This right seems to appertain to him, both in accordance with the common law of this jurisdiction and by the terms of the statute, above quoted. As between the appellee and the mother of the child, his right to the custody was not superior to the right of the mother, and in that state of case, as between him and the mother, in the event of a separation, the court, in confiding its custody, would be guided alone by the best interests of the child, in accordance with the doctrine announced by this court before the enactment of the statute, supra; but, when the mother died, the father's right, to the custody, became superior to any other person, if he was suited for the

trust. In determining his suitability the court will take into consideration his moral fitness and habits, surroundings, age, financial ability, interest and affection for the child, and any circumstances, which would be prejudicial to the best interest of the child, including the breaking up of her present relations, but the burden of showing the father's want of suitability is cast upon the one, who would deny him custody of his child upon that ground.

The court also stated:

The law presumes that the parent is competent and suitable to rear the child. In Re: *Peterson,* 119 Neb. 511, 229 N.W. 885 (1930). *Bell v. Krauss,* 169 Cal. 387, 146 P. 874 (1915), held that "prima facie the parent is presumed competent * * *" and that the parent is entitled to custody "unless found by the court to be incompetent." There is a presumption throughout the whole case that the parent is fit to have the custody unless this presumption is overcome by sufficient proof. *Wilson v. Michell,* 48 Colo. 454, 111 P. 21, 30 L.R.A. N.S. 507 (1910). *Reynardus, supra,* 743.

It always follows that if a parent is unfit, the best interests of the children require that he not be granted custody. It does not always follow, however, that if the best interests of the children would be served by placing custody with one person any other person who desired custody would be unfit. Two persons may seek custody, both of whom are fit for the responsibility, yet one may offer significant advantages to the children. This situation frequently arises when the custody battle is between a mother and father. The best interests of the child is the standard where both are fit custodians.

 But to deny a natural parent custody in a contest with a non-parent there must be a finding of unfitness. *Berry v. Berry, supra.* It is argued by appellee that appellant's unfitness as a parent is implicit in the findings of the trial court. We are uncertain, however, whether the trial court decided this case on the issue of the fitness of the natural parent because in such a case the burden of proof is upon the person seeking to prove the unfitness of the natural parent and here the trial court placed the burden upon the natural parent.

We vacate the judgment and remand this case for findings and conclusions concerning the fitness and suitability of appellant to be awarded custody and for the entry of an appropriate judgment based upon those findings.

All concur.