Larry J. McDANIEL, Appellant,

v.

Bertha GARRETT, Appellee.

Court of Appeals of Kentucky.

Dec. 30, 1983.

Neil A. Banks, Louisville, for appellant.

Darryl T. Owens, Louisville, for appellee.

Before HAYES, C.J., and MILLER and DUNN, JJ.

DUNN, Judge.

Appellant, Larry McDaniel, natural father of Lauree and DeMet McDaniels, both infants, appeals from the judgment of the Jefferson Circuit Court awarding their custody to the appellee, Bertha Garrett, their maternal grandmother and denying it to him. We affirm.

KRS 405.020(1) provides:

The father and mother shall have the joint custody, nurture and education of their children who are under the age of 18. If either of the parents died, the survivor, if suited to the trust, shall have the custody, nurture and education of the children who are under the age of 18.....

In interpreting the meaning of the statutory language "if suited to the trust" in its application to a custody contest between a parent and a nonparent, our Supreme Court has recently held that to deny a natural parent custody in a contest with a nonparent, there must be a finding of unfitness. *Rice v. Hatfield,* Ky., 638 S.W.2d 712 (1982).

Here, the appellant-parent argues that the trial court erroneously applied "the best interest of the children" test that is to be applied in custody disputes between parents and which was seemingly rejected in *Rice, supra,* in favor of the "unfitness" test. In support of this contention, he quotes the second to last paragraph of the trial court's findings and conclusions, which followed 5 pages of other findings material to the issue of appellant's suitability. The trial court stated:

Upon the entire case, the Court finds that the best interest of these children would be served by allowing them to remain with their maternal grandmother as custodian. The dichotomy of the law concerning what is the "test" to be applied in a situation involving a parent and nonparent is set forth in the Brief of counsel.

In order to meet the test, this court finds that the father is presently unfit to undertake the burden (and joy) of custody.

Appellant's argument is wanting for several reasons. *Rice,* though holding that the "unfitness test" must be applied to deny custody to the natural parent, did not hold that the "best interest" of the child could be ignored, nor did it specifically define the term "unfit." To the contrary it quoted favorably the following criteria concerning fitness from *Reynardus v. Garcia,* Ky., 437 S.W.2d 740 (1968), which in turn quoted it favorably from *Rallihan v. Motschmann,* 179 Ky. 180, 200 S.W. 358 (1918).

As between the appellee and the mother of the child, his right to the custody was not superior to the right of the mother, and in that state of case, as between him and the mother, in the event of a separation, the court, in confiding its custody, would be guided alone by the best interests of the child, in accordance with the doctrine announced by this court before the enactment of the statute, supra; but, when the mother died, the father's right, to the custody, became superior to any other person, if he was suited for the trust. *In determining his suitability the court will take into consideration his moral fitness and habits, surroundings, age, financial ability, interest and affection for the child, and any circumstances, which would be prejudicial to the best interest of the child, including the breaking up of her present relations, but the burden of showing the father's want of suitability is cast upon the one, who would deny him custody of his child upon that ground.* (emphasis added)

These are the standards to be applied in determining "suitability" or its negative "unfitness," not the narrower standards of physical and mental health, strength, good moral character and the ability to earn necessary finances that appellant urges in relying on *West v. West,* 294 Ky. 301, 171 S.W.2d 453 (1943). Perhaps appellant, in concluding the trial court relied only on the "best interest" test in concluding appellant

was "unfit," was confused by the trial court's use of the phrase "dichotomy of the law," in describing the various points of view concerning what test should be applied. The trial court's other findings support its conclusions in the application of the broader criteria described in *Rice, Reynardus,* and *Rallihan, supra.*

■ Second, the argument wants because if appellant's position is that the evidence does not support the trial court's finding and judgment, there is no transcript of it against which we can measure the soundness of the findings. On appeal, the trial court's findings of fact will not be disturbed unless they are clearly erroneous. CR 52.-01. When the evidence is not presented for review, this court is confined to a determination as to whether the pleadings support the judgment and on all issues of fact in dispute we are required to assume that the evidence supports the findings of the lower court. *Porter v. Harper,* Ky., 477 S.W.2d 778, 779 (1972). Here the pleadings support the judgment and we must assume, because of the lack of a transcript of evidence, that the evidence supports the finding.

The Judgment of the Jefferson Circuit Court is AFFIRMED.

All concur.