**Mayme Marie Riley WYNN, Appellant,**

v.

**George WYNN and His Wife, Smarie Wynn, Appellees.**

Court of Appeals of Kentucky.

March 8, 1985.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court June 5, 1985.

Larry H. York, App. Res. & Def. Fund, Somerset, for appellant.

Joseph E. Lambert, Lambert & Lambert, Mount Vernon, for appellees.

Before HOWARD, LESTER and WHITE, JJ.

LESTER, Judge.

This is an appeal by the natural mother of an infant from a judgment granting custody of the child to his paternal grandparents.

This case involves the custody of Jimmy Wynn who is now thirteen years old, and is the son of Elijah Wynn and the appellant Mayme Wynn. Elijah and Mayme were separated from August of 1972, when Jimmy was about a year old, until the divorce, which became final in 1977, granting Elijah

custody. Jimmy spent the first three years of his life with his mother and her two sons by a previous marriage. Since 1974, he has resided in Rockcastle County with his father and the appellee grandparents.

In September 1982, Elijah died in an automobile accident. His parents immediately took Jimmy into their home and instigated this action to be granted permanent custody of their grandchild. Mayme responded demanding that she be awarded custody pursuant to KRS 405.020(1) which provides:

> The father and mother shall have the joint custody, nurture and education of their children who are under the age of eighteen. If either of the parents dies, the survivor, if suited to the trust, shall have the custody, nurture and education of the children who are under the age of eighteen. The father shall be primarily liable for the nurture and education of his children who are under the age of eighteen.

The trial court, in interpreting the above section, looked to the numerous cases applying KRS 405.020(1) and cited *McDaniel v. Garrett*, Ky.App., 661 S.W.2d 789 (1983), in finding that the appellant was not "suited to the trust."

*McDaniel, supra,* set out the following factors to be used by the court in determining "suitability" of the parent for custody of the child. Those standards included:

> moral fitness and habits, surroundings, age, financial ability, interest and affection for the child, and any circumstances, which would be prejudicial to the best interests of the child, including breaking up of ... present relations.... *McDaniel, supra,* 661 S.W.2d at 790.

The trial court rendered what we consider to be a thoughtful and well-reasoned decision in this case. Considering the applicable factors, the court below concluded that the removal of Jimmy from his present home, where he has almost exclusively resided since he was two years of age, would be prejudicial to his best interests. While it is not within the province of this Court to make findings of fact, we note that several of the factors identified in

**610**

*McDaniel, supra,* favor granting custody to the grandparents.

▮ It cannot be disputed that the mother did not see her child for two and one-half years prior to the appellees' filing of this petition. Regardless of any explanation for this absence, we agree with the trial court that the separation would have some effect on the relationship and could be properly considered as one of the factors in the determination of suitability.

▮ The trial judge heard all of the evidence, judged the credibility of the witnesses, considered reports of case workers and interviewed the child. On appeal, his findings of fact will not be disturbed unless they are clearly erroneous. *Combs v. Combs,* Ky., 471 S.W.2d 715 (1971). Such is not the case here as the record supports the findings and judgment below.

The judgment of the Rockcastle Circuit Court is affirmed.

All concur.