RENDERED: DECEMBER 18, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0395-MR

ERIN MILTON                                                          APPELLANT

v.
APPEAL FROM EDMONSON CIRCUIT COURT
HONORABLE TIMOTHY R. COLEMAN, JUDGE
ACTION NO. 19-CI-00051

NAOMA SUE CARTER                                                     APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; GOODWINE AND KRAMER, JUDGES.

KRAMER, JUDGE: Erin Milton appeals from an order of the Edmonson Circuit Court dismissing her complaint for relief regarding a will challenge pursuant to KRS[1] 394.240. We affirm.

Milton's grandmother, Anna "Earleen" Lashley, married Ray D. Lashley in 1990. Ray had no children at the time of the marriage. Earleen had

---

[1] Kentucky Revised Statute.

children and grandchildren, including Milton who was seven years old at the time of the marriage. Naoma Carter, appellee herein, is Ray's sister. Earleen died in 2013. Her estate was probated in Edmonson District Court as intestate. Ray died in 2018. Milton petitioned the district court to admit what she claims is a joint, but unsigned, will of Earleen and Ray, dated 2007 ("Will 1").[2] Will 1 left everything of the first to die to the surviving spouse, and everything of the last surviving spouse to Earleen's children, grandchildren, and a daughter-in-law. Will 1 also contained a clause stating, in relevant part, that the surviving spouse agreed "not to make a new will or revoke or revise this will[.]" Carter filed a counterpetition for probate of a will executed by Ray in 2014 ("Will 2"), which was self-proving.[3] The district court heard testimony regarding Will 1 to determine if Milton had met her burden to prove a lost will. However, the court ultimately rejected Milton's petition for probate of Will 1 and admitted Will 2 proffered by Carter.

Milton filed an original action in Edmonson Circuit Court pursuant to KRS 394.240. Regarding her cause of action, the complaint stated only that "[t]he [d]istrict [c]ourt's order was erroneous both in findings of fact and conclusions of

---

[2] Due to an incomplete record before this Court, which we will detail more fully later in this opinion, a copy of neither Will 1 or Will 2 is in the record for our review. Milton's assertions of the clauses in Will 1 appear to be consistent with the circuit court's order. Hence, all references to Will 1 are based on statements made in Milton's brief, the circuit court order, or the incomplete record before us.

[3] *See* KRS 394.225.

law and should be set aside; the will tendered by [Milton] should be admitted to probate, and [Milton] should be qualified as its Executrix." The record before us indicates that the circuit court reviewed the record of the district court and entered findings of fact, conclusions of law, and an order dismissing Milton's complaint. This appeal followed.

We affirm the judgment of the circuit court due to the inadequate record before us. We note that Milton filed a designation of record pursuant to CR[4] 75.01 that designated both the circuit court and district court records for our review. However, this Court received only the circuit court record, a mere thirty-four pages in length, which does not include either of the two wills presented to the district court; the hearings before the district court; nor the order entered by the district court.

> On appeal, the trial court's findings of fact will not be disturbed unless they are clearly erroneous. CR 52.01. When the evidence is not presented for review, this court is confined to a determination as to whether the pleadings support the judgment and on all issues of fact in dispute we are required to assume that the evidence supports the findings of the lower court.

*McDaniel v. Garrett*, 661 S.W.2d 789, 791 (Ky. App. 1983) (citation omitted).

---

[4] Kentucky Rule of Civil Procedure.

Thus, without the district court record, we must assume its contents support the circuit court's order. *Id.* We note that the record before us indicates the circuit court clerk sent a notice of certification of record on appeal to the parties on June 8, 2020. The notice indicated that the clerk was certifying thirty-four pages of record to this Court, which clearly did not include the district court record. A supplemental certification of record was sent to the parties on August 25, 2020, which indicates that the clerk certified two probate cases and ten compact discs (CDs) of record from the district court. Nonetheless, the district court record is not part of the record that is before the Court, and a simple follow up by Milton by checking the status of her record on appeal would have confirmed this. The Court's electronic docket shows that we received 1 bound volume, 5 CD/DVD's, and one other.

This Court has repeatedly held that it is an appellant's responsibility to ensure that we have the complete record for our review.

> In *Hatfield v. Commonwealth*, 250 S.W.3d 590 (Ky. 2008), the Supreme Court of Kentucky discussed the appellant's burden to present a complete record to support his appeal:
>
>> Appellant has a responsibility to present a "complete record" before the Court on appeal. *Steel Technologies, Inc. v. Congleton*, 234 S.W.3d 920, 926 (Ky. 2007). "Matters not disclosed by the record cannot be considered on appeal." *Montgomery v. Koch*, 251 S.W.2d 235, 237 (Ky. 1952); *see also Wolpert v. Louisville Gas & Elec.*

-4-

*Co.*, 451 S.W.2d 848 (Ky. 1970) (holding that our predecessor court could not review contentions of prejudice before the jury when the only basis for the argument was the Appellant's brief, because review is confined to the record). Appellant may not raise allegations of error on appeal "based entirely on a silent record." *Commonwealth v. Thompson*, 697 S.W.2d 143, 144 (Ky. 1985). Further, "[i]t has long been held that, when the complete record is not before the appellate court, that court must assume that the omitted record supports the decision of the trial court." *Id.* at 145. *Hatfield*, 250 S.W.3d at 600–01.

*Ray v. Ashland Oil, Inc.*, 389 S.W.3d 140, 145 (Ky. App. 2012); *see also K.M.E. v. Commonwealth*, 565 S.W.3d 648, 654 (Ky. App. 2018).

Accordingly, we must affirm the order of the Edmonson Circuit Court dismissing Milton's complaint as we are compelled to assume that the omitted records support the circuit court's order. We do conclude, nonetheless, that even the partial record we have before us supports that the circuit court made a correct decision on this matter and that Milton's proof of a lost will was wholly lacking, bordering on being frivolous. We also note that Carter's answer to Milton's one-sentence circuit court complaint included a request for costs due to the frivolous nature of the action, which were awarded by the circuit court.

We now turn to the briefing--or utter lack thereof--in this case. We are not blind to the fact that Carter waded into dangerous waters by failing to file an appellee brief. When a responsive brief has not been filed, the Court may: (i)

-5-

accept the appellant's statement of the facts and issues as correct; (ii) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (iii) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case. CR 76.12(8)(c). "The decision as to how to proceed in imposing such penalties is a matter committed to our discretion." *Cabinet for Health and Family Services v. Loving Care, Inc.*, 590 S.W.3d 824, 826 (Ky. App. 2019) (quoting *Roberts v. Bucci*, 218 S.W.3d 395, 396 (Ky. App. 2007)). None of these sanctions, however, is justified in this case for any of a variety of reasons, including that we do not have a full record before us and that the limited record before us supports the circuit court's decision as noted *supra*. But, also as compelling is the fact that we would be well within our discretion to strike Milton's brief as failing to substantially comply with CR 76.12.

We first note that this Court sent a notice of deficient brief to Milton on August 7, 2020. The brief lacked the required appendix with "the findings of fact, conclusions of law, and judgment of the trial court" pursuant to CR 76.12(4)(c)(vii).[5] Although Milton corrected the missing requirement, her brief is

---

[5] The Clerk of this Court screens briefs for certain technical deficiencies and issues notices of deficiencies for such. These screenings rarely review for more substantive compliance with CR 76.12. A merits panel of the Court retains full authority to strike non-compliant briefs or take other sanctions as necessary. *See*, *e.g.*, *Clark v. Workman,* 604 S.W.3d 616, 618 (Ky. App. 2020) ("We will not reiterate all that has been said too many times before on this subject. If a lawyer is curious about the importance of these procedural rules or the practical reasons for following them, we recommend reading these opinions in chronological order: *Commonwealth v. Roth*, 567 S.W.3d 591 (Ky. 2019); *Koester v. Koester*, 569 S.W.3d 412 (Ky. App. 2019);

still deficient in at least two substantive ways.[6]  In contravention of CR 76.12(4)(c)(v), Milton does not have a preservation statement at the beginning of each argument.  Nor does she cite to the record.  CR 76.12(4)(c)(iv) and (v) require ample references to the record and citation to authority supporting each argument. *Even if* the entire record was before us, it is not the responsibility of this Court to search the record to find support for Milton's arguments or where they are preserved, assuming such exists.  *Smith v. Smith*, 235 S.W.3d 1 (Ky. App. 2006). Although the circuit record before us contains only thirty-four pages, the record also contains video recordings of five separate dates that the action appeared for hearing before the circuit court.  However, each disc provided contains recordings of the circuit court's entire docket for the day.[7]  Milton's brief lacks any citations to where in these voluminous recordings her issues are preserved or where any evidence supports her case.  Without citations to the record, this Court has no way of knowing at what point in the voluminous recordings the instant action was heard

---

*Hallis v. Hallis*, 328 S.W.3d 694 (Ky. App. 2010); *Elwell v. Stone*, 799 S.W.2d 46 (Ky. App. 1990).").

[6] Although we detail some of the more substantial non-compliance issues with Milton's brief in the body of the opinion, we note there are a variety of other less substantial deficiencies with the brief, including but not limited to her cover page fails to comply with CR 76.12(4)(a)(iii).

[7] We also note that the supplemental certification form from the Edmonson Circuit Clerk indicates the district court record, *had we received it*, contained ten compact discs in addition to the paper record.  Milton's brief contains no citations to these recordings either.

by the district and circuit courts; it is clearly not our duty to search the record to find such.

Our options when an appellate advocate fails to abide by the rules are: (1) to ignore the deficiencies and proceed with the review; (2) to strike the brief or its offending portions, CR 76.12(8)(a); or (3) to review the issues raised in the brief for manifest injustice only. *Hallis,* 328 S.W.3d at 696 (citing *Elwell*, 799 S.W.2d at 47). Given all of the shortcomings in this appeal, we cannot simply ignore the deficiencies and cannot engage in even a manifest injustice review because we do not have a full record to do so. In short, even if Milton had ensured the entire record was before us, we would be well within our discretion to strike Milton's brief for failure to comply with CR 76.12.[8]

Given that our review is limited to an incomplete record, a substantially non-compliant appellant brief that impedes our review of the matter, and a non-existent appellee brief, we are compelled to affirm the judgment of the Edmonson Circuit Court.[9]

---

[8] *See also Curty v. Norton Healthcare, Inc*., 561 S.W.3d 374, 377-78 (Ky. App. 2018), and *Clark*, 604 S.W.3d at 616-18.

[9] Although we can discern nowhere in the limited record before us where the matter of the role of Milton's attorney in this action was discussed, we question it. The record before us indicates that, in regard to Will 1, the circuit court found that, "Jeanetta Girard testified that she saw [Ray and Earleen] sign Will 1. Girard testified that she signed the will as a witness and saw her father, who is now deceased, sign as a witness as well. Girard testified that she saw Natty Bumppo notarize the will. (Girard was secretary for Bumppo, who represents [Milton] herein.)" At the very least, it seems there is a potential conflict of interest on the part of Bumppo with regard to

ALL CONCUR.



BRIEF FOR APPELLANT:                    NO APPELLEE BRIEF FILED

Natty Bumppo
Brownsville, Kentucky

---

legal services he may have provided to Ray in the past.  Also concerning to this Court is the fact that Bumppo was a potential witness in this action as he allegedly notarized Will 1.  Kentucky Supreme Court Rule (SCR) 3.130, Rule of Professional Conduct 3.130(3.7) provides that

> (a) A lawyer *shall not* act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
>> (1) the testimony relates to an uncontested issue;
>>
>> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>>
>> (3) disqualification of the lawyer would work substantial hardship on the client.
>
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

(Emphasis added).