RENDERED:  APRIL 23, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0182-MR

STEVEN THOMAS                                                         APPELLANT

v.
APPEAL FROM HARDIN CIRCUIT COURT
HONORABLE PAMELA ADDINGTON, JUDGE
ACTION NO. 94-CI-01333

STEPHANIE THOMAS                                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  GOODWINE, JONES, AND KRAMER, JUDGES.

KRAMER, JUDGE:  Steven Thomas appeals from an order of the Hardin Circuit

Court, Family Division, finding him in contempt for failure to comply with a court

order entered August 7, 2014, to enroll the parties' son in a health insurance plan.

Upon review, we affirm.

Steven and Stephanie Thomas divorced in 1996.  However, there has

been ongoing litigation due to the health insurance needs of the parties' son Jay.

Although Jay is an adult, he is disabled and requires constant care. Pursuant to the parties' separation agreement, Steven was required to maintain military health insurance for Jay as long as he was eligible. Should Jay ever become ineligible, the parties were to provide equivalent health insurance.

In 2014, the family court entered an order requiring Steven to provide health insurance for Jay. That order was never appealed. Stephanie filed a motion for contempt in June 2015, arguing that Steven had failed to maintain health insurance for Jay as ordered. The parties tried to reach a resolution and, as a result, Stephanie's contempt motion was continued numerous times. The family court eventually held Steven in contempt, but the contempt was purged when Steven signed a Special Power of Attorney so that Stephanie could attempt to enroll Jay in the military health insurance program (Tricare) available to Steven.

Stephanie filed a second motion to hold Steven in contempt in July 2018, again for his failure to provide health insurance for Jay. The motion was continued numerous times as the parties attempted, unsuccessfully, to reach a resolution. The family court entered a scheduling order, and a hearing was held on October 16, 2018. Neither Steven nor his attorney appeared. The family court entered another order finding Steven in contempt but instructed he could purge the contempt by enrolling Jay in Tricare within ten (10) days of the order. Steven was also ordered to pay Stephanie's attorney's fees. Steven filed a "motion to vacate

-2-

and for sanctions" following entry of the family court's order. The motion was scheduled to be heard on November 6, 2018. However, on November 7, 2018, the family court entered an order continuing the hearing to November 20, 2018, to give Stephanie time to respond to the motion. Stephanie's response is contained in the record before us and is stamped as "Filed in Open Court: 11-20-[20]18." Steven filed a reply on November 25, 2018, and the family court entered an order denying Steven's motion on January 2, 2019. This appeal followed.[1]

We must affirm the judgment of the family court due, in part, to the inadequate record before us. We note that Steven filed a designation of record pursuant to CR[2] 75.01 that included the October 16, 2018 hearing. However, the hearing does not appear in the record before us.

> On appeal, the trial court's findings of fact will not be disturbed unless they are clearly erroneous. CR 52.01. When the evidence is not presented for review, this court is confined to a determination as to whether the pleadings support the judgment and on all issues of fact in dispute we are required to assume that the evidence supports the findings of the lower court.

---

[1] This case had been pending in this Court for two years before Steven filed his appellant brief on January 21, 2021. A prior brief filed by Steven on December 30, 2020, was rejected as deficient, and Steven requested three extensions of time during the pendency of this appeal. Additionally, there were six prehearing conferences scheduled in this case, resulting in an over seven-month delay. This matter was finally assigned to this merits panel on March 25, 2021.

[2] Kentucky Rule of Civil Procedure.

*McDaniel v. Garrett*, 661 S.W.2d 789, 791 (Ky. App. 1983) (internal citation omitted).

Thus, without the hearing to review, we must assume its contents support the family court's order. *Id.*

We have repeatedly held that it is an appellant's responsibility to ensure that we have the complete record for our review. A simple check on the status of his record on appeal would have confirmed to Steven that the hearing was not in the record received by this Court.[3]

> In *Hatfield v. Commonwealth*, 250 S.W.3d 590 (Ky. 2008), the Supreme Court of Kentucky discussed the appellant's burden to present a complete record to support his appeal:
>
>> Appellant has a responsibility to present a "complete record" before the Court on appeal. *Steel Technologies, Inc. v. Congleton*, 234 S.W.3d 920, 926 (Ky. 2007). "Matters not disclosed by the record cannot be considered on appeal." *Montgomery v. Koch*, 251 S.W.2d 235, 237 (Ky. 1952); *see also Wolpert v. Louisville Gas & Elec. Co.*, 451 S.W.2d 848 (Ky. 1970) (holding that our predecessor court could not review contentions of prejudice before the jury when the only basis for the argument was the Appellant's brief, because review is confined to the record). Appellant may not raise allegations of error on appeal "based entirely on a silent record." *Commonwealth v. Thompson*, 697 S.W.2d 143, 144 (Ky. 1985). Further, "[i]t has long been held that, when the

---

[3] There are four compact discs containing hearings in the record before us. However, the hearings are dated May 4, 2012, and April 2, 2013.

> complete record is not before the appellate court,
> that court must assume that the omitted record
> supports the decision of the trial court." *Id.* at 145.
> *Hatfield*, 250 S.W.3d at 600-01.

*Ray v. Ashland Oil, Inc.*, 389 S.W.3d 140, 145 (Ky. App. 2012); *see also K.M.E. v. Commonwealth*, 565 S.W.3d 648, 654 (Ky. App. 2018).

We also affirm the family court because it does not appear, from the record before us, that Steven's motion to vacate and for sanctions was ever heard by the family court. As indicated herein, Stephanie's response to the motion was filed in open court on November 20, 2018, which was the same date the hearing was scheduled. However, Steven did not include that date in his designation of record, and the proceedings do not appear in the record before us. Stephanie contends that, because there was *not* a hearing on Steven's motion, all the exhibits he included were not properly authenticated, nor were they admitted into evidence by the family court. We are compelled to agree. Based on the record before us, this Court has no way of knowing what proceedings took place before the family court on November 20, 2018.

Steven argues that the purge requirement of putting Jay on Tricare is an impossible task. He contends Jay does not qualify for Tricare due to reasons that have nothing to do with anything Steven has or has not done. However, Steven did not avail himself of the proceedings before the family court to present the evidence and arguments that he now presents to this Court. Neither Steven nor

his counsel appeared at the October 16, 2018 hearing, and they also failed to ensure that it was contained in the record for our review. It also does not appear that Steven requested a hearing on his motion to vacate and for sanctions based on the record before us. "An appellate court is without authority to review issues not raised in or decided by the trial court." *Fischer v. Fischer*, 197 S.W.3d 98, 102 (Ky. 2006) (internal quotation marks and footnote omitted). Although Steven's argument is preserved generally, the exhibits he attached to the motion were never properly authenticated or admitted into evidence by the family court.

Accordingly, we must affirm the family court as we are compelled to assume that the omitted portions of the record support the order of contempt.

ALL CONCUR.

BRIEF FOR APPELLANT:

Donald J. Haas
Louisville, Kentucky

BRIEF FOR APPELLEE:

Lori A. Kinkead
Elizabethtown, Kentucky